## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| MERVYN'S HOLDINGS, LLC, *et al.*, | Case No. 08-11586 (KG) |
| Debtors. | (Jointly Administered) |
| | |
| MERVYN'S, LLC, *et al.*, | |
| Plaintiff, | Adv. Proc. No. 08-51402 (KG ) |
| Against | |
| LUBERT-ADLER GROUP IV, LLC *et al.*, | |
| Defendants. | |

## ANSWER OF THE CERBERUS ENTITIES TO
## DEBTORS' SECOND AMENDED COMPLAINT

Defendants Cerberus Mervyn's Investors, LLC, Cerberus Partners, L.P., Cerberus Capital Management, L.P., Cerberus Associates, L.L.C., Ableco Finance LLC, and Madeleine L.L.C. (collectively, the "Cerberus Entities"), hereby answer Plaintiffs' Second Amended Complaint as follows:[1]

1.    Aver that the first sentence of paragraph 1 sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 1, except admit that certain of the Cerberus Entities, along with others, participated in the acquisition of Mervyn's, LLC ("Mervyn's") and related transactions in 2004 (the "2004 Transactions"), and respectfully refer the Court to the transaction documents the full and complete statement of the contents thereof.

---

[1] The Cerberus Entities expressly reserve the right to amend and/or supplement their answer, defenses and all other pleadings.

2.     Deny the allegations in paragraph 2 of the Second Amended Complaint, except admit that following the 2004 Transactions, Mervyn's entered into new leasing arrangements on real estate it had previously owned, and respectfully refer the Court to the transaction documents the full and complete statement of the contents thereof.

3.     Deny the allegations in paragraph 3 of the Second Amended Complaint.

4.     Aver that paragraph 4 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 4.

5.     Aver that paragraph 5 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 5.

6.     Admit the allegations in the first five sentences of paragraph 6 of the Second Amended Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in the sixth sentence of paragraph 6.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 7 of the Second Amended Complaint, except admit that KLA/Mervyn's, L.L.C. participated in the 2004 Transactions and subsequent related transactions (collectively, with the 2004 Transactions, the "Transactions").

8.     Deny the allegations in paragraph 8 of the Second Amended Complaint, except admit that Cerberus Mervyn's Investors, LLC is a limited liability company that participated in the certain of the Transactions.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 9 of the Second Amended Complaint, except admit that SCSF Mervyn's (US), LLC participated in certain of the Transactions.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 10 of the Second Amended Complaint, except admit that SCSF Mervyn's (Offshore), Inc. participated in certain of the Transactions.

11.     Aver that the first sentence of paragraph 11 contains no allegations and therefore no response is required, and deny the allegations in the second sentence of paragraph 11, except admit that Mervyn's Holdings, LLC ("Mervyn's Holdings") is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Mervyn's Holdings LLC Agreement for the full and complete statement of the contents thereof.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 12 of the Second Amended Complaint.

13.     Aver that paragraph 13 contains no allegations and therefore no response is required.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 14 of the Second Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 15 of the Second Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 16 of the Second Amended Complaint.

17.     Deny the allegations set forth in paragraph 17 of the Second Amended Complaint.

18.     Deny the allegations set forth in paragraph 18 of the Second Amended Complaint, except admit that Cerberus Partners, L.P. and Cerberus Associates, L.P. directly or indirectly own equity interests in Cerberus Mervyn's Investors, LLC, and deny knowledge or information sufficient to form a belief as to whether Gabriel Capital, L.P. indirectly owns an equity interest in Cerberus Mervyn's Investors, LLC.

19.     Aver that paragraph 19 of the Second Amended Complaint contains no allegations and therefore no response is required.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 20 of the Second Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 21 of the Second Amended Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 22 of the Second Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 23 of the Second Amended Complaint.

24.     Aver that paragraph 24 of the Second Amended Complaint contains no allegations and therefore no response is required.

25.     Aver that paragraph 25 of the Second Amended Complaint contains no allegations and therefore no response is required.

26.     Deny the allegations in paragraph 26 of the Second Amended Complaint, except admit that MDS Realty Holdings I, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited

Liability Company Agreement of MDS Realty Holdings I, LLC and the transaction documents for the full and complete statement of the contents thereof.

27.     Deny the allegations in paragraph 27 of the Second Amended Complaint, except admit that MDS Realty Holdings II, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Company Agreement of MDS Realty Holdings II, LLC and the transaction documents for the full and complete statement of the contents thereof.

28.     Deny the allegations in paragraph 28 of the Second Amended Complaint, except admit that MDS Realty I, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Company Agreement of MDS Realty I, LLC and the transaction documents for the full and complete statement of the contents thereof.

29.     Deny the allegations in paragraph 29 of the Second Amended Complaint, except admit that MDS Realty II, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Company Agreement of MDS Realty II, LLC and the transaction documents for the full and complete statement of the contents thereof.

30.     Deny the allegations in paragraph 30 of the Second Amended Complaint, except admit that MDS Realty III, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Company Agreement of MDS Realty III, LLC and the transaction documents for the full and complete statement of the contents thereof.

31. Deny the allegations in paragraph 31 of the Second Amended Complaint, except admit that MDS Realty IV, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Company Agreement of MDS Realty IV, LLC and the transaction documents for the full and complete statement of the contents thereof.

32. Deny the allegations in paragraph 32 of the Second Amended Complaint, except admit that MDS Texas Realty I, LP is a limited partnership that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Partnership Agreement of MDS Texas Realty I, LP and the transaction documents for the full and complete statement of the contents thereof.

33. Deny the allegations in paragraph 33 of the Second Amended Complaint, except admit that MDS Texas Realty II, LP is a limited partnership that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Partnership Agreement of MDS Texas Realty II, LP and the transaction documents for the full and complete statement of the contents thereof.

34. Deny the allegations in paragraph 34 of the Second Amended Complaint, except admit that MDS Texas Realty I, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Agreement of MDS Texas Realty I, LLC and the transaction documents for the full and complete statement of the contents thereof.

35. Deny the allegations in paragraph 35 of the Second Amended Complaint, except admit that MDS Texas Realty II, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability

Agreement of MDS Texas Realty II, LLC and the transaction documents for the full and complete statement of the contents thereof.

36.     Deny the allegations in paragraph 36 of the Second Amended Complaint, except admit that MDS Texas Properties I, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Agreement of MDS Texas Properties I, LLC and the transaction documents for the full and complete statement of the contents thereof.

37.     Deny the allegations in paragraph 37 of the Second Amended Complaint, except admit that MDS Texas Properties II, LLC is a limited liability company that was organized in connection with the 2004 Transactions, and respectfully refer the Court to the Limited Liability Agreement of MDS Texas Properties II, LLC and the transaction documents for the full and complete statement of the contents thereof.

38.     Aver that paragraph 38 contains no allegations and therefore no response is required.

39.     Deny the allegations in paragraph 39 of the Second Amended Complaint, except admit that Greenwich Capital Financial Products, Inc. directly and/or through its affiliates, provided secured financing in connection with the 2004 Transactions.

40.     Deny the allegations in paragraph 40 of the Second Amended Complaint, except admit that Archon Financial LP directly and/or through its affiliates, provided secured financing in connection with the 2004 Transactions.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 41 of the Second Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 42, except admit that Defendant Goldman Sachs Mortgage Company and/or Defendant Archon Financial LP, directly and/or through their affiliates, provided secured financing in connection with the 2004 Transactions.

43.     Aver that paragraph 43 of the Second Amended Complaint contains no allegations and therefore no response is required.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 44 of the Second Amended Complaint.

45.     Deny the allegations in paragraph 45 of the Second Amended Complaint, except admit that Citigroup Global Markets Realty Corp. directly and/or through its affiliates provided secured financing to certain of the MDS Entities in 2005.

46.     Aver that paragraph 46 of the Second Amended Complaint contains no allegations and therefore no response is required.

47.     Deny the allegations in paragraph 47 of the Second Amended Complaint, except admit that LKM Lender, LLC directly and/or through its affiliates provided secured financing to certain of the MDS Entities in 2009, respectfully refer the Court to the 2009 loan documents for the full and complete statement of the contents thereof, and deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in a last sentence of paragraph 47.

48.     Deny the allegations in paragraph 48 of the Second Amended Complaint, except admit that Target entered into an Equity Purchase Agreement dated July 29, 2004 with Mervyn's Holdings (the "EPA"), and respectfully refer the Court to the 2004 transaction documents for the full and complete statement of the contents thereof.

49.     Deny the allegations in paragraph 49 of the Second Amended Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 50 of the Second Amended Complaint.

51.     Deny the allegations in paragraph 51, except admit that Plaintiffs allege that the Court has jurisdiction over this action and that venue is proper in this Court; deny that this proceeding is a core proceeding; and, in accordance with Federal Rule of Bankruptcy Procedure 7012(b), state that the Cerberus Entities do not consent to the entry of any final orders or judgment by this Court.

52.     Deny knowledge or information sufficient to form a belief as to the allegations in the first four sentences of paragraph 52 of the Second Amended Complaint. Deny the allegations in the fifth sentence of paragraph 52, and respectfully refer the Court to Mervyn's LLC and Subsidiary Consolidated Financial Statements February 2, 2008 and February 3, 2007 and Auditors' Report thereon, dated April 30, 2008 ("Mervyn's Consolidated Financial Statements 2007 and 2008") for the full and complete statement of the contents thereof.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 53, except admit that Mervyn's was a wholly-owned subsidiary of Target prior to the 2004 Transactions, and further admit, upon information and belief, that Target engaged Goldman Sachs as its investment banker, and that certain of the Cerberus Entities, along with others, participated in the acquisition of Mervyn's from Target.

54.     Deny the allegations in paragraph 54 of the Second Amended Complaint, except admit that Mervyn's Holdings was organized in connection with the 2004 Transactions and entered into the EPA with Target, and admit that Mervyn's was converted into a California

limited liability company, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

55. Aver that paragraph 55 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof, and aver that the last sentence of paragraph 56 contains no allegations and therefore no response is required.

57. Deny the allegations in paragraph 57 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

58. Deny the allegations in paragraph 58 of the Second Amended Complaint, except admit that certain interests in real estate were transferred from Mervyn's to certain MDS Companies, that certain MDS Companies entered into Unitary Leases with Mervyn's, and respectfully refer the Court to the 2004 Unitary Leases and the transaction documents for the full and complete statement of the contents thereof.

59. Deny the allegations in paragraph 59, except admit that following the closing of the 2004 Transactions, Mervyn's aggregate annual rent expense and the rents on certain properties exceeded the rents prior to the 2004 Transactions, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

60. Deny the allegations in paragraph 60 of the Second Amended Complaint, and respectfully refer the Court to the Mervyn's LLC Agreement and the Mervyn's Holdings

LLC Agreement and the other transaction documents for the full and complete statement of the contents thereof.

61.     Deny the allegations in paragraph 61 of the Second Amended Complaint.

62.     Deny the allegations in paragraph 62 of the Second Amended Complaint, except admit that the rents charged to Mervyn's under the Unitary Leases were consistent with market rates and/or market practices, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

63.     Deny the allegations in paragraph 63 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

64.     Deny the allegations in paragraph 64 of the Second Amended Complaint.

65.     Deny the allegations in paragraph 65 of the Second Amended Complaint, and respectfully refer the Court to the Amended and Restated Unitary Leases for the full and complete statement of the contents thereof.

66.     Deny the allegations in paragraph 66 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

67.     Deny the allegations in paragraph 67 of the Second Amended Complaint, and respectfully refer the Court to the EPA for the full and complete statement of the contents thereof.

68.     Deny the allegations in paragraph 68 of the Second Amended Complaint, except admit that Mervyn's was converted into a California limited liability company at or about the time of the 2004 Transactions.

69.     Deny the allegations in paragraph 69 of the Second Amended Complaint, except admit that the closing of the 2004 Transactions occurred on September 2, 2004, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

70.     Deny the allegations in paragraph 70 of the Second Amended Complaint, except admit that Greenwich, Archon and certain of the MDS entities entered into the Loan Agreement on September 2, 2004, and that Greenwich, GS Mortgage, and certain of the MDS entities entered into the Mezzanine Loan Agreement, and admit that Defendants KLA/Mervyn's, L.L.C., Cerberus Mervyn's Investors, LLC, SCSF Mervyns (US), LLC, and SCSF Mervyn's (Offshore), Inc., entered into the Securities Purchase Agreement, dated September 2, 2004, and respectfully refer the Court to the Loan Agreement, The Mezzanine Loan Agreement, and the Securities Purchase Agreement for the full and complete statement of the contents thereof.

71.     Deny the allegations in paragraph 71 of the Second Amended Complaint, and respectfully refer the Court to Mervyn's Consolidated Financial Statements 2005 and 2006 and the transaction documents for the full and complete statement of the contents thereof.

72.     Deny the allegations in paragraph 72 of the Second Amended Complaint.

73.     Deny the allegations in paragraph 73 of the Second Amended Complaint, except admit that the listed entities were formed and respectfully refer the Court to the formation documents for the full and complete statement of the contents thereof.

74.     Deny the allegations in paragraph 74 of the Second Amended Complaint, except admit that there was a True Lease Opinion given, and respectfully refer the Court to the True Lease Opinion for the full and complete statement of the contents thereof.

75.     Deny the allegations in paragraph 75 of the Second Amended Complaint, except admit that Mervyn's Holdings, MDS Realty Holdings I, LLC, MDS Realty Holdings II, LLC, MDS Realty I, LLC, MDS Realty II, LLC, MDS Realty III, LLC, MDS Realty IV, LLC, MDS Texas Realty I, LP, and MDS Texas Realty II, LP entered into the Agency Agreement dated September 2, 2004 (the "Agency Agreement"), and respectfully refer the Court to the Agency Agreement for the full and complete statement of the contents thereof.

76.     Deny the allegations in paragraph 76 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

77.     Deny the allegations in paragraph 77 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

78.     Deny the allegations in paragraph 78 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

79.     Deny the allegations in paragraph 79 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

80.     Deny the allegations in paragraph 80 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

81.     Deny the allegations in paragraph 81 of the Second Amended Complaint, except admit that an Agreement of Assignment dated as of September 2, 2004, between

Mervyn's Holdings and Mervyn's, and a second Agreement of Assignment dated as of September 2, 2004 between Mervyn's and MDS Realty I, LLC, MDS Realty II, LLC, MDS Texas Realty I, LP and MDS Texas Realty II, LP, (together, the "<u>Assignment Agreements</u>"), were executed, and respectfully refer the Court to the referenced documents for the full and complete statement of the contents thereof.

      82.    Deny the allegations in paragraph 82 of the Second Amended Complaint.

      83.    Deny the allegations in paragraph 83 of the Second Amended Complaint, except admit that Mervyn's and certain of the MDS Companies entered into Unitary Leases with Mervyn's, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

      84.    Deny the allegations in paragraph 84 of the Second Amended Complaint, except admit that, following the closing of the 2004 Transactions, Mervyn's aggregate annual rent expense and the rents on certain properties exceeded the rents prior to the 2004 Transactions, and respectfully refer the Court to the Unitary Leases and the True Lease Opinion for the full and complete statement of the contents thereof.

      85.    Deny the allegations in paragraph 85 of the Second Amended Complaint, except admit that Mervyn's made certain distributions to Mervyn's Holdings in accordance with certain provisions in Mervyn's LLC Agreement, and respectfully refer the Court to the Mervyn's LLC Agreement for the full and complete statement of the contents thereof.

      86.    Deny the allegations in paragraph 86 of the Second Amended Complaint, and respectfully refer the Court to the Mervyn's Holdings LLC Agreement and the referenced letters for the full and complete statement of the contents thereof.

87.     Deny the allegations in paragraph 87 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

88.     Deny the allegations in paragraph 88 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

89.     Deny the allegations in paragraph 89 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

90.     Deny the allegations in paragraph 90 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

91.     Deny the allegations in paragraph 91 of the Second Amended Complaint.

92.     Deny the allegations in paragraph 92 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

93.     Deny the allegations in paragraph 93 of the Second Amended Complaint, except admit that certain MDS Companies entered into Unitary Leases with Mervyn's and that, following the closing of the 2004 Transactions, Mervyn's aggregate annual rent expense and the rents on certain properties exceeded the rents prior to the 2004 Transactions, and respectfully refer the Court to the 2004 Unitary Leases for the full and complete statement of the contents thereof.

94.     Deny the allegations in paragraph 94 of the Second Amended Complaint, except admit that Mervyn's made certain distributions to Mervyn's Holdings, and respectfully refer the Court to Mervyn's LLC Agreement and related documents for the full and complete statement of the contents thereof.

95.     Deny the allegations in paragraph 95 of the Second Amended Complaint, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

96.     Deny the allegations in paragraph 96 of the Second Amended Complaint, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

97.     Deny the allegations in paragraph 97 of the Second Amended Complaint.

98.     Deny the allegations in paragraph 98 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

99.     Deny the allegations in paragraph 99 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

100.    Deny the allegations in paragraph 100 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

101.    Deny the allegations in paragraph 101 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

102.     Deny the allegations in paragraph 102 of the Second Amended Complaint.

103.     Deny the allegations in paragraph 103 of the Second Amended Complaint, except admit that there was a True Lease Opinion given, and respectfully refer the Court to the True Lease Opinion for the full and complete statement of the contents thereof.

104.     Deny the allegations in paragraph 104 of the Second Amended Complaint, except admit that there was a True Lease Opinion given and that a letter from Cushman & Wakefield, Inc. was attached thereto, and respectfully refer the Court to the referenced documents for the full and complete statement of the contents thereof.

105.     Deny the allegations in paragraph 105 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

106.     Deny the allegations in paragraph 106 of the Second Amended Complaint, and respectfully refer the Court to the True Lease Opinion for the full and complete statement of the contents thereof.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 107 of the Second Amended Complaint.

108.     Deny the allegations in the first three sentences of paragraph 108 of the Second Amended Complaint, except admit that certain transaction fees and expenses were paid in connection with the 2004 Transactions, deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in the fourth sentence of paragraph 108, and respectfully refer the Court to the closing schedule for the full and complete statement of the contents thereof.

109.     Deny the allegations in paragraph 109 of the Second Amended Complaint.

110.     Deny the allegations in paragraph 110 of the Second Amended Complaint, except admit that KLA/Mervyn's, L.L.C., Cerberus Mervyn's Investors, LLC, and Sun Capital Securities Management, LLC each entered into a Management Services Agreement with Mervyn's on September 2, 2004, and respectfully refer the Court to those agreements for the full and complete statement of the contents thereof.

111.     Deny the allegations in paragraph 111 of the Second Amended Complaint.

112.     Deny the allegations in paragraph 112 of the Second Amended Complaint, except admit certain fees and expenses were paid by Mervyn's.

113.     Deny the allegations in paragraph 113 of the Second Amended Complaint, except admit certain fees were paid by Mervyn's.

114.     Deny the allegations in paragraph 114 of the Second Amended Complaint, except admit that Sun Capital Securities Management, LLC entered into an Amended and Restated Management Services Agreement with Mervyn's, dated November 27, 2007, and respectfully refer the Court to that agreement for the full and complete statement of the contents thereof.

115.     Deny the allegations in paragraph 115 of the Second Amended Complaint.

116.     Deny the allegations in paragraph 116 of the Second Amended Complaint.

117.     Deny the allegations in paragraph 117 of the Second Amended Complaint, except admit that as of the closing of the 2004 Transactions, SCSF Mervyn's (US), LLC, SCSF Mervyn's (Offshore), Inc., Cerberus Mervyn's Investors, LLC, and KLA/Mervyn's LLC owned all of the equity of Mervyn's Holdings and appointed certain individuals as members of the

Board of Managers of Mervyn's Holdings, and admit that Mervyn's Holdings held all of the equity of Mervyn's.

118. Deny the allegations in paragraph 118 of the Second Amended Complaint, except admit that certain MDS Companies entered into Unitary Leases with Mervyn's, admit that Mervyn's made certain distributions to Mervyn's Holdings, and that certain fees were paid by Mervyn's, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

119. Deny the allegations in paragraph 119 of the Second Amended Complaint, except admit that on December 22, 2005, Greenwich Capital Financial Products, Inc., Goldman Sachs Mortgage Capital, L.P., and Citigroup Global Markets Realty Corp., as Senior Lender, and Greenwich Capital Financial Products, Inc., Goldman Sachs Mortgage Company and Citigroup Global Markets Realty Corp., as Mezzanine Lender entered into Loan Agreements with certain MDS Companies (together, the "2005 Loan Agreements") to refinance the loans originally made in connection with the 2004 Transactions, and respectfully refer the Court to the 2005 Loan Agreements for the full and complete statement of the contents thereof.

120. Deny the allegations in paragraph 120 of the Second Amended Complaint.

121. Deny the allegations in paragraph 121 of the Second Amended Complaint, and respectfully refer the Court to the Mervyn's Consolidated Financial Statements 2005 and 2006 for the full and complete statement of the contents thereof.

122. Deny the allegations in paragraph 122 of the Second Amended Complaint, and respectfully refer the Court to the Mervyn's Consolidated Financial Statements 2005 and 2006 for the full and complete statement of the contents thereof.

123.     Deny the allegations in paragraph 123 of the Second Amended Complaint.

124.     Deny the allegations in paragraph 124 of the Second Amended Complaint, and respectfully refer the Court to the Mervyn's Holdings LLC Agreement for the full and complete statement of the contents thereof.

125.     Deny the allegations in paragraph 125 of the Second Amended Complaint, and respectfully refer the Court to the Mervyn's Holdings LLC Agreement for the full and complete statement of the contents thereof.

126.     Deny the allegations in paragraph 126 of the Second Amended Complaint, and respectfully refer the Court to the Mervyn's LLC Agreement for the full and complete statement of the contents thereof.

127.     Deny the allegations in paragraph 127 of the Second Amended Complaint.

128.     Deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 128 of the Second Amended Complaint, and otherwise deny the allegations in paragraph 128.

129.     Deny the allegations in paragraph 129 of the Second Amended Complaint, except admit that the Valencia store was restructured, accounted for as a capital lease, and sold to a third party, and respectfully refer the Court to the agreements relating to the Valencia store for the full and complete statement of the contents thereof.

130.     Deny the allegations in paragraph 130 of the Second Amended Complaint, except admit that the headquarters building was included in one of the 2004 Unitary Leases and was subsequently sold to a third party, and that a new lease was executed in connection with the sale, and respectfully refer the Court to the sale documents and the lease agreement for the full and complete statement of the contents thereof.

131. Deny the allegations in paragraph 131 of the Second Amended Complaint, except admit that, following the 2004 Transactions, certain of the MDS Companies entered into a series of sales transactions with third parties pursuant to which one or more of the MDS Companies sold, assigned, and transferred real estate assets acquired in the 2004 Transactions to new owners, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

132. Deny the allegations in paragraph 132 of the Second Amended Complaint, except admit that certain of the MDS Companies sold real estate assets formerly owned by Mervyn's to various buyers for more than $1 billion, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

133. Deny the allegations in paragraph 133 of the Second Amended Complaint, except admit that Mervyn's entered into certain lease agreements with third party real estate purchasers who, in some instances, owned or operated the shopping centers where the Mervyn's stores were located, and respectfully refer the Court to the individual lease agreements for the full and complete statement of the contents thereof.

134. Deny the allegations in paragraph 134 of the Second Amended Complaint, and respectfully refer the Court to the individual lease agreements for the full and complete statement of the contents thereof.

135. Deny the allegations in paragraph 135 of the Second Amended Complaint.

136. Deny the allegations in paragraph 136 of the Second Amended Complaint, except admit that on December 22, 2005, Greenwich Capital Financial Products, Inc., Goldman Sachs Mortgage Capital, L.P., and Citigroup Global Markets Realty Corp., as Senior Lender, and Greenwich Capital Financial Products, Inc., Goldman Sachs Mortgage Company and Citigroup

Global Markets Realty Corp., as Mezzanine Lender entered into the 2005 Loan Agreements with certain MDS Companies to refinance the loans originally made in connection with the 2004 Transactions, and respectfully refer the Court to the 2005 Loan Agreements for the full and complete statement of the contents thereof.

137.  Deny the allegations in paragraph 137 of the Second Amended Complaint, and respectfully refer the Court to the 2005 Loan Agreements for the full and complete statement of the contents thereof.

138.  Deny the allegations in paragraph 138 of the Second Amended Complaint, and respectfully refer the Court to the 2005 Loan Agreements for the full and complete statement of the contents thereof.

139.  Deny the allegations in paragraph 139 of the Second Amended Complaint, and respectfully refer the Court to the Amended and Restated Unitary Leases for the full and complete statement of the contents thereof.

140.  Deny the allegations in paragraph 140 of the Second Amended Complaint, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

141.  Deny the allegations in paragraph 141 of the Second Amended Complaint, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

142.  Deny the allegations in paragraph 142 of the Second Amended Complaint, except admit that, following the closing of the 2004 Transactions, Mervyn's aggregate annual rent expense and the rents on certain properties exceeded the rents prior to the 2004 Transactions

and were higher in 2005, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

143. Deny the allegations in paragraph 143 of the Second Amended Complaint.

144. Deny the allegations in paragraph 144 of the Second Amended Complaint, except admit that certain distributions were made pursuant to the terms of the Mervyn's LLC Agreement and the Mervyn's Holdings LLC Agreement, and respectfully refer the Court to those agreements for the full and complete statement of the contents thereof.

145. Deny the allegations in paragraph 145 of the Second Amended Complaint.

146. Deny the allegations in paragraph 146 of the Second Amended Complaint, and respectfully refer the Court to the True Lease Opinion for the full and complete statement of the contents thereof.

147. Deny the allegations in paragraph 147 of the Second Amended Complaint.

148. Deny the allegations in paragraph 148 of the Second Amended Complaint.

149. Deny the allegations in paragraph 149 of the Second Amended Complaint, except admit that on or about February 27, 2009, certain Lenders entered into a Loan Agreement with certain MDS Companies (the "2009 Loan Agreement") to refinance the loans originally made in connection with the 2004 Transactions, and respectfully refer the Court to the 2009 Loan Agreement for the full and complete statement of the contents thereof.

150. Deny the allegations in paragraph 150 of the Second Amended Complaint, except admit that on February 27, 2009, LKM Lender, LLC, as Agent and Lender, and other Lenders, entered into the 2009 Loan Agreement with certain MDS Companies to refinance the loans originally made in connection with the 2004 Transactions, and respectfully refer the Court to the 2009 Loan Agreement for the full and complete statement of the contents thereof.

151. Deny the allegations in paragraph 151 of the Second Amended Complaint, and respectfully refer the Court to the 2009 Loan Agreement for the full and complete statement of the contents thereof.

152. Deny the allegations in paragraph 152 of the Second Amended Complaint, and respectfully refer the Court to the 2009 Loan Agreement for the full and complete statement of the contents thereof.

153. In response to paragraph 153 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 152 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

154. Deny the allegations in paragraph 154 of the Second Amended Complaint.

155. Aver that paragraph 155 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 155.

156. Aver that paragraph 156 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 156.

157. Deny the allegations in paragraph 157.

158. Aver that the first sentence of paragraph 158 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 158.

159. Aver that paragraph 159 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 159.

160. Aver that paragraph 160 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 160.

161. Aver that paragraph 161 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 161.

162. In response to paragraph 162 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 161 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

163. Aver that paragraph 163 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 163.

164. Aver that paragraph 164 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 164.

165. Aver that paragraph 165 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 165.

166. Aver that paragraph 166 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 166.

167. Aver that paragraph 167 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 167.

168. Aver that paragraph 168 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 168.

169. Aver that paragraph 169 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 169.

170. In response to paragraph 170 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 169 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

171. Aver that paragraph 171 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 171.

172. Aver that paragraph 172 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 172.

173. Aver that paragraph 173 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 173.

174.    Aver that paragraph 174 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 174.

175.    Aver that paragraph 175 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 175.

176.    Aver that paragraph 176 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 176.

177.    Aver that paragraph 177 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 177.

178.    In response to paragraph 178 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 177 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

179.    Aver that paragraph 179 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 179.

180.    Aver that paragraph 180 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 180.

181. Aver that paragraph 181 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 181.

182. Aver that paragraph 182 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 182.

183. Aver that paragraph 183 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 183.

184. Aver that paragraph 184 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 184.

185. Aver that paragraph 185 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 185.

186. In response to paragraph 186 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 185 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

187. Aver that paragraph 187 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 187.

188. Aver that paragraph 188 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 188.

189. Deny the allegations in paragraph 189 of the Second Amended Complaint.

190. Aver that paragraph 190 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 190.

191. Aver that paragraph 191 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 191.

192. Aver that paragraph 192 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 192.

193. Aver that paragraph 193 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 193.

194. In response to paragraph 194 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 193 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

195. Aver that paragraph 195 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 195.

196. Aver that paragraph 196 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 196.

197. Aver that paragraph 197 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 197.

198. Aver that paragraph 198 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 198.

199. Aver that paragraph 199 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 199.

200. Aver that paragraph 200 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 200.

201. Aver that paragraph 201 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 201.

202. In response to paragraph 202 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 201 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

203. Aver that paragraph 203 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 203.

204. Aver that paragraph 204 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 204.

205. Aver that paragraph 205 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 205.

206. Aver that paragraph 206 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 206.

207. Aver that paragraph 207 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 207.

208. Aver that paragraph 208 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 208.

209. Aver that paragraph 209 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 209.

210.     In response to paragraph 210 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 209 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

211.     Aver that paragraph 211 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 211.

212.     Aver that paragraph 212 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 212.

213.     Aver that paragraph 213 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 213.

214.     Aver that paragraph 214 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 214.

215.     Aver that paragraph 215 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 215.

216.     Aver that paragraph 216 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 216.

217.     Aver that paragraph 217 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 217.

218.     In response to paragraph 218 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 217 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

219.     Deny the allegations in paragraph 219 of the Second Amended Complaint.

220.     Aver that paragraph 220 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 220.

221.     Aver that paragraph 221 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 221.

222.     Deny the allegations in paragraph 222 of the Second Amended Complaint.

223.     Aver that paragraph 223 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the remaining allegations in paragraph 223.

224.     Aver that paragraph 224 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the remaining allegations in paragraph 224.

225.     Aver that paragraph 225 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 225 of the Second Amended Complaint.

226. Aver that paragraph 226 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 226 of the Second Amended Complaint.

227. In response to paragraph 227 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 226 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

228. Aver that paragraph 228 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 228.

229. Aver that paragraph 229 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 229.

230. Aver that paragraph 230 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 230.

231. Aver that paragraph 231 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 231.

232. Aver that paragraph 232 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 232.

233. Aver that paragraph 233 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 233.

234. Aver that paragraph 234 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 234.

235. In response to paragraph 235 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 234 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

236. Aver that paragraph 236 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 236.

237. Aver that paragraph 237 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 237.

238. Aver that paragraph 238 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 238.

239. Aver that paragraph 239 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 239.

240. Aver that paragraph 240 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 240.

241. Aver that paragraph 241 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 241.

242. Aver that paragraph 242 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 242.

243. In response to paragraph 243 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 242 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

244. Aver that paragraph 244 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 244.

245. Aver that paragraph 245 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 245.

246. Aver that paragraph 246 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 246.

247. Aver that paragraph 247 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 247.

248. Aver that paragraph 248 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 248.

249. Aver that paragraph 249 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 249.

250. Aver that paragraph 250 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 250.

251. In response to paragraph 251 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 250 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

252. Aver that paragraph 252 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 252.

253. Aver that paragraph 253 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 253.

254.     In response to paragraph 254 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 253 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

255.     Aver that paragraph 255 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 255.

256.     Aver that paragraph 256 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 256.

257.     Aver that paragraph 257 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 257.

258.     Deny the allegations in paragraph 258 of the Second Amended Complaint.

259.     Aver that paragraph 259 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 259.

260.     Aver that paragraph 260 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 260.

261.     Aver that paragraph 261 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 261.

262. Aver that paragraph 262 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 262.

263. In response to paragraph 263 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 262 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

264. Aver that paragraph 264 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 264.

265. Aver that paragraph 265 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 265.

266. Aver that paragraph 266 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 266.

267. Aver that paragraph 267 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 267.

268. Aver that paragraph 268 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 268.

269.     Aver that paragraph 269 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 269.

270.     Aver that paragraph 270 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 270.

271.     Aver that paragraph 271 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 271.

272.     In response to paragraph 272 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 271 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

273.     Aver that paragraph 273 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 273.

274.     Aver that paragraph 274 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 274.

275.     Aver that paragraph 275 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 275.

276. Aver that paragraph 276 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 276.

277. Aver that paragraph 277 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 277.

278. Aver that paragraph 278 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 278.

279. Aver that paragraph 279 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 279.

280. Aver that paragraph 280 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 280.

281. In response to paragraph 281 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 280 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

282. Aver that paragraph 282 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 282.

283. Aver that paragraph 283 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 283.

284. Aver that paragraph 284 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 284.

285. Aver that paragraph 285 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 285.

286. Aver that paragraph 286 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 286.

287. Aver that paragraph 287 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 287.

288. Aver that paragraph 288 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 288.

289. Aver that paragraph 289 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 289.

290. In response to paragraph 290 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 289 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

291. Aver that paragraph 291 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 291.

292. Aver that paragraph 292 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 292.

293. Aver that paragraph 293 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 293.

294. Deny the allegations in paragraph 294 of the Second Amended Complaint.

295. Aver that paragraph 295 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the remaining allegations in paragraph 295.

296. Aver that paragraph 296 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 296.

297. Aver that paragraph 297 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 297.

298.     In response to paragraph 298 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 297 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

299.     Aver that paragraph 299 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 299.

300.     Aver that paragraph 300 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 300.

301.     Aver that paragraph 301 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 301.

302.     Aver that paragraph 302 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 302.

303.     Aver that paragraph 303 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 303.

304.     Aver that paragraph 304 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 304.

305. Aver that paragraph 305 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 305.

306. In response to paragraph 306 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 305 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

307. Aver that paragraph 307 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 307.

308. Aver that paragraph 308 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 308.

309. Aver that paragraph 309 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 309.

310. Aver that paragraph 310 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 310.

311. Aver that paragraph 311 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 311.

312.   Aver that paragraph 312 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 312.

313.   Aver that paragraph 313 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 313.

314.   In response to paragraph 314 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 313 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

315.   Aver that paragraph 315 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 307.

316.   Aver that paragraph 316 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 316.

317.   Aver that paragraph 317 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 317.

318.   Aver that paragraph 318 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 318.

319. Aver that paragraph 319 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 319.

320. Aver that paragraph 320 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 320.

321. Aver that paragraph 321 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 321.

322. In response to paragraph 322 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 321 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

323. Deny the allegations in paragraph 323 of the Second Amended Complaint, except admit that certain MDS Companies entered into Unitary Leases with Mervyn's, and that, following the closing of the 2004 Transactions, Mervyn's aggregate annual rent expense and the rents on certain properties exceeded the rents prior to the 2004 Transactions, and respectfully refer the Court to the Unitary Leases for the full and complete statement of the contents thereof.

324. Deny the allegations in paragraph 324 of the Second Amended Complaint, except admit that certain fees were paid by Mervyn's, and certain distributions were made pursuant to the terms of the Mervyn's LLC Agreement and the Mervyn's Holdings LLC Agreement, and respectfully refer the Court to the agreement for the full and complete statement of the contents thereof.

325.     Deny the allegations in paragraph 325 of the Second Amended Complaint, except admit that certain distributions were made pursuant to the terms of the Mervyn's LLC Agreement and the Mervyn's Holdings LLC Agreement, and respectfully refer the Court to those agreement for the full and complete statement of the contents thereof.

326.     Aver that paragraph 326 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 326.

327.     Aver that paragraph 327 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 327.

328.     Aver that paragraph 328 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 328.

329.     Deny the allegations in paragraph 329 of the Second Amended Complaint.

330.     Aver that paragraph 330 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 330.

331.     Aver that paragraph 331 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 331.

332.     Aver that paragraph 332 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 332.

333.    In response to paragraph 333 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 332 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

334.    Aver that paragraph 334 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 334.

335.    Aver that paragraph 335 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 335.

336.    Aver that paragraph 336 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 336.

337.    Aver that paragraph 337 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 337.

338.    Aver that paragraph 338 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 338.

339.    Aver that paragraph 339 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 339.

340. Aver that paragraph 340 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 340.

341. In response to paragraph 341 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 340 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

342. Aver that paragraph 342 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 342.

343. Aver that paragraph 343 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 343.

344. Aver that paragraph 344 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 344.

345. Aver that paragraph 345 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 345.

346. Aver that paragraph 346 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 346.

347. Aver that paragraph 347 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 347.

348. Aver that paragraph 348 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 348.

349. In response to paragraph 349 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 348 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

350. Aver that paragraph 350 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 350.

351. Aver that paragraph 351 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 351.

352. Aver that paragraph 352 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 352.

353. Aver that paragraph 353 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 353.

354. Aver that paragraph 354 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 354.

355. Aver that paragraph 355 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 355.

356. Aver that paragraph 356 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 356.

357. In response to paragraph 357 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 357 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

358. Aver that paragraph 358 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 358, except admit that, upon information and belief, prior to 2004 Transactions, Target was the owner of the equity of Mervyn's.

359. Aver that paragraph 359 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 359, except admit that as of the closing of the 2004 Transactions, Mervyn's Holdings became the Managing Member of Mervyn's, that SCSF Mervyn's (US), LLC, SCSF Mervyn's (Offshore), Inc., Cerberus Mervyn's Investors, LLC, and KLA/Mervyn's L.L.C. owned all of the

equity of Mervyn's Holdings, and that these entities elected members to the board of Mervyn's Holdings.

360. Aver that paragraph 360 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 360.

361. Aver that paragraph 361 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 361.

362. Deny the allegations in paragraph 362 of the Second Amended Complaint.

363. Aver that paragraph 363 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 363.

364. Aver that paragraph 364 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 364.

365. Aver that paragraph 365 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 365.

366. Aver that paragraph 366 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 366.

367. Aver that paragraph 367 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 367.

368. Aver that paragraph 368 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 368.

369. Aver that paragraph 369 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 369.

370. Aver that paragraph 370 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 370.

371. In response to paragraph 371 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 370 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

372. Deny the allegations in paragraph 372, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

373. Aver that paragraph 373 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 373.

374. Deny the allegations in paragraph 374 of the Second Amended Complaint.

375. Aver that paragraph 375 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 375.

376. Deny the allegations in paragraph 376 of the Second Amended Complaint.

377. Aver that paragraph 377 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 377.

378. Aver that paragraph 378 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 378.

379. Aver that paragraph 379 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 379.

380. In response to paragraph 380 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 379 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

381. Deny the allegations in paragraph 381, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

382. Aver that paragraph 382 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 382.

383. Aver that paragraph 383 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 383.

384. Aver that paragraph 384 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 384.

385. Aver that paragraph 385 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 385.

386. Aver that paragraph 386 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 386.

387. Aver that paragraph 387 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 387.

388. Aver that paragraph 388 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 388.

389. In response to paragraph 389 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 388 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

390. Deny the allegations in paragraph 390, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

391.     Aver that paragraph 391 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 391.

392.     Aver that paragraph 392 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 392.

393.     Aver that paragraph 393 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 393.

394.     Aver that paragraph 394 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 394.

395.     Aver that paragraph 395 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 395.

396.     Aver that paragraph 396 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 396.

397.     Aver that paragraph 397 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 397.

398. In response to paragraph 398 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 397 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

399. Deny the allegations in paragraph 399, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

400. Aver that paragraph 400 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 400.

401. Aver that paragraph 401 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 401.

402. Aver that paragraph 402 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 402.

403. Aver that paragraph 403 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 403.

404. Aver that paragraph 404 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 404.

405. Aver that paragraph 405 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 405.

406. Aver that paragraph 406 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 406.

407. In response to paragraph 407 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 406 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

408. Aver that paragraph 408 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 408.

409. Aver that paragraph 409 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 409, and respectfully refer the Court to the transaction documents for the full and complete statement of the contents thereof.

410. Aver that paragraph 410 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 410.

411. Aver that paragraph 411 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 411.

412. Aver that paragraph 412 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 412.

413.     Aver that paragraph 413 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 413.

414.     Aver that paragraph 414 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 414.

415.     Aver that paragraph 415 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 415.

416.     In response to paragraph 416 of the Second Amended Complaint, the Cerberus Entities repeat and reallege their responses to paragraphs 1 through 415 of the Second Amended Complaint with the same force and effect as if set forth in full herein.

417.     Aver that paragraph 417 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 417.

418.     Deny the allegations in paragraph 418 of the Second Amended Complaint, except admit that LKM Lender, LLC directly and/or through its affiliates provided secured financing to certain of the MDS Entities in 2009, and respectfully refer the Court to the 2009 loan documents for the full and complete statement of the contents thereof.

419.     Deny knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 419 of the Second Amended Complaint.

420.     Aver that paragraph 420 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in

paragraph 420, except admit that LKM Lender, LLC directly and/or through its affiliates provided secured financing to certain of the MDS Entities in 2009, and respectfully refer the Court to the 2009 loan documents for the full and complete statement of the contents thereof.

421.    Aver that paragraph 421 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 421.

422.    Aver that paragraph 422 of the Second Amended Complaint sets forth legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 422.

423.    The Cerberus Entities further state that to the extent that any allegation asserted in the Second Amended Complaint is not specifically addressed herein, such allegation is hereby expressly denied.

## AFFIRMATIVE DEFENSES[2]

### FIRST DEFENSE

424.    Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

425.    Plaintiffs' claims against the Cerberus Entities are barred by the doctrines of laches, acquiescence, ratification, unclean hands, unjust enrichment, waiver and/or estoppel.

### THIRD DEFENSE

426.    Any losses Plaintiffs sustained were not caused by any conduct of the Cerberus Entities.

---

[2]    The Cerberus Entities have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore reserve the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## FOURTH DEFENSE

427. Each of the transfers the Cerberus Entities received from the Plaintiffs were taken for fair value and in good faith, and without knowledge of their alleged voidability or avoidability..

## FIFTH DEFENSE

428. Plaintiffs' claims are based on transactions that occurred when Plaintiffs were solvent.

## SIXTH DEFENSE

429. Plaintiffs' claims are based on alleged transfers for which Plaintiffs received reasonably equivalent value or fair consideration.

## SEVENTH DEFENSE

430. Plaintiffs' claims are barred by 11 U.S.C. § 548(a)(1)(A) and the Uniform Fraudulent Conveyance Act.

## EIGHTH DEFENSE

431. Plaintiffs' claims are barred by 11 U.S.C. § 548(a)(1)(B) and the Uniform Fraudulent Conveyance Act.

## NINTH DEFENSE

432. The challenged transactions were not the cause of Mervyn's bankruptcy.

## TENTH DEFENSE

433. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and other time bars to a complaint.

## ELEVENTH DEFENSE

434.    Plaintiffs Mervyn's Holdings, LLC and Mervyn's Brands, LLC lack standing to assert the claims set forth in the Second Amended Complaint, pursuant to 11 U.S.C. § 544(b).

## TWELFTH DEFENSE

The Cerberus Entities assert each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, or regulations, or the common law.

**WHEREFORE**, the Cerberus Entities pray for judgment against Plaintiff dismissing the Second Amended Complaint with prejudice with costs and such other and further relief as this Court deems just and proper.

Dated: May 10, 2010
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_signature_

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400

-and-

**SCHULTE ROTH & ZABEL LLP**
Robert J. Ward
David M. Hillman
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000

_Counsel for Defendants Cerberus Mervyn's Investors, LLC, Cerberus Partners, L.P., Cerberus Capital Management, L.P., Cerberus Associates, L.L.C., Ableco Finance LLC, Madeleine L.L.C., Lubert-Adler Group IV, LLC, Lubert-Adler Group IV, L.P., Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., Lubert-Adler Capital Real Estate Fund IV, L.P., KLA/Mervyn's, LLC, Acadia Mervyn's Investors I, LLC, Acadia Mervyn's Investors II, LLC, Acadia Realty Trust, Mervyn's/Klaff Equity, LLC, Mervyn's Opportunities, LLC, MDS Realty Holdings I, LLC, MDS Realty Holdings II, LLC, MDS Realty I, LLC, MDS Realty II, LLC, MDS Realty III, LLC, MDS Realty IV, LLC, MDS Texas Realty I, LP, MDS Texas Realty II, LP, MDS Texas Realty I, LLC, MDS Texas Realty II, LLC, MDS Texas Properties I, LLC, MDS Texas Properties II, LLC and LKM Lender, LLC_